UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| CARMEN LOPEZ,<br><br>             Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commisioner<br>Social Security Administration,<br><br>             Defendant. | ) CV 06-3199-SH<br>)<br>) MEMORANDUM<br>) DECISION<br>)<br>)<br>)<br>)<br>)<br>) |

      This matter is before the Court for review of the Decision by the Commissioner of Social Security denying plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter Judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and the parties

have filed a joint stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and the matter remanded. Plaintiff makes two challenges to the Administrative Law Judge's ("ALJ") determination. Plaintiff alleges that the ALJ erred in, (1) finding plaintiff not credible as to her subjective complaints of pain and (2) properly evaluating the medical evidence of record.

Each of plaintiff's contentions will be addressed in turn.

**I.    THE ALJ INCORRECTLY FOUND PLAINTIFF NOT CREDIBLE AS TO HER ALLEGED PAIN**

This Circuit has held that if the ALJ's decision is based on a credibility assessment, there must be an explicit finding as to whether the plaintiff's testimony was believed, or disbelieved, and the testimony cannot be entirely discounted simply because there was a lack of objective findings. Cotton v. Bowen, 799 F.2d at 1407. The Cotton standard was reaffirmed in Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc), which held that an adjudicator who finds a claimant's allegations of severity of pain to be not credible must specifically make findings which support this conclusion. The Cotton test imposes two requirements on the claimant: (1) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments could reasonably be expected to (not that it did in fact) produce some degree of symptoms.

Once a claimant meets the Cotton test and there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only if he makes specific findings and states clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Moreover, to find the plaintiff not credible, the ALJ must rely either on reasons unrelated to the subjective testimony (e.g., reputation for dishonesty), on conflicts

between her testimony and her own conduct, or on internal contradictions in her testimony. Light v. Social Security Administration, 97 D.A.R. 12195, 12198 (9th Cir. 1997).

An ALJ's observation that plaintiff did not exhibit "physical manifestations of prolonged pain at the hearing provides little, if any support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations of constant pain are not credible…" Gallant v. Heckler, 753 F.2d 1453, 1458 (9th Cir. 1989).

Also, the Ninth Circuit has consistently held that the ability to perform various daily activities does not necessarily translate into the ability to perform these activities in a work setting and on a consistent basis. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

In the instant case, plaintiff asserts that she became disabled due to hypertension, lower back pain, pain in the lower extremities, diverticulitis, inflamed liver, heart problems, and mental difficulties. [AR 15]. The ALJ found that the plaintiff's lumbar spine injury status post fusion surgery is a "severe" impairment. [AR 25].

Plaintiff's combination of impairments could reasonably be expected to cause her pain and discomfort. In order to alleviate her pain, plaintiff has been taking 800mg of Ibuprofen. [AR 23, 117]. In addition to back surgery in 2000, plaintiff has taken a variety of other precautions and treatments, including pain gel, electric pillow, ice, and a shocking machine. [AR 23, 115]. Thus, the fact that plaintiff takes pain relieving medication and receives other treatments lends credibility to her testimony of pain.

The ALJ's reasons for not finding plaintiff's testimony credible are not convincing. The ALJ noted that plaintiff's complaints of pain were not consistent with the level of treatment she has received since August 2002 when she was declared permanent and stationary. (AR 23). The Commissioner uses the fact that plaintiff chose not to undergo a second surgery, and instead use medication to

manage her condition, as one of a few reasons for not giving credibility to plaintiff's complaints of pain. [AR 23]. However, a disability claimant should not be expected to undergo the most extensive and extreme forms of treatment available for pain before her subjective complaints of pain may be accepted as credible.

The ALJ also improperly considered plaintiff's ability to perform physically light duties, and her level of English language proficiency, when considering her credibility. (AR 23-24). Plaintiff testified to driving, cooking, dishwashing, attending church, visiting her sisters, shopping, watching television, and reading. (AR 24, 83-85, 419, 427, 841-42). Plaintiff also testified that she needs help with housework, and that she does no gardening. (AR 841-42). Plaintiff's participation in a small amount of daily activities does not translate into an ability to be productive, independent, and reliable in a work setting. Indeed, she requires assistance with many of her daily activities, including bathing. (AR 841).

The ALJ improperly considered the fact that plaintiff drives a car and that she has taken the United States citizenship test as indications that plaintiff had more of an ability to understand English than she claimed. (AR 23-24). Plaintiff's testimony that she took the California drivers' license test in Spanish, and only understands "some" traffic signs, does not establish that she has a higher level of English language proficiency than she claims and thus, has no bearing on her credibility. (AR 841-42)

**II.  THE ALJ PROPERLY CONSIDERED AND DEVELOPED THE RECORD OF THE TREATING SOURCE**

A treating physician's opinion is entitled to greater weight than that of an examining physician. Magallanes v. Bowen, 881 F. 2d 747, 751 (9th Cir. 1989), citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). A treating physician's opinion is given deference because he is employed to cure the claimant and has a greater chance to know and observe the claimant as an individual. Sprague, 812 F.2d at 1230. "The treating physician's opinion is not however,

necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d at 751, citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 n.7 (9th Cir. 1989).

The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 404.1527 (2004). A physician's determination must neither be conclusory, nor unsubstantiated by relevant medical documentation. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). A medical opinion is considered uncontroverted if all the underlying medical findings in the record of plaintiff's physical impairments are similar. Sprague v. Bowen, 812 F.2d at 1230. When there is a conflict between the opinions of a treating physician and an examining physician, as here, the ALJ may disregard the opinion of the treating physician only if he sets forth "specific and legitimate reasons supported by substantial evidence in the record for doing so." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); see also Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986). A doctor's opinion that rests on his own independent examination of the plaintiff will constitute substantial evidence. Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985); Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

In the instant case, Dr. Sobol was plaintiff's treating physician. In September 20, 2002, the doctor's evaluation of plaintiff was that she should be limited to light work and precluded from prolonged weight bearing. [AR 315].

However, Dr. Sobol's opinion of plaintiff's limitations were not shared by another doctor who examined plaintiff. Dr. Sophon examined plaintiff in November 2003 and opined that plaintiff would be limited to: (1) lifting and carrying 30 pounds occasionally; (2) lifting and carrying 10 pounds frequently; (3) sit, stand, or walk for 6 hours per 8-hour workday; and (4) occasional bending, stooping, and crouching. [AR 472]. Since Dr. Sophon's examination was based on his own independent examination, it constitutes substantial evidence.

Dr. Sobol's opinion is not consistent with other medical evidence in the record, and was contradicted by Dr. Sophon's independent examination. Thus, the contrary opinion of Dr. Sophon serves as an additional specific and legitimate reason for rejecting or giving less weight to the opinion of Dr. Sobol.

### a. The ALJ properly evaluated Plaintiff's mental impairment

**The plaintiff also asserts that the ALJ erred in assessing her mental impairment. Dr. Paculdo psychiatrically examined plaintiff in July 2003. [AR 425-27]. Dr. Paculdo opined that plaintiff does not suffer from any psychiatric limitations. [AR 425-27]. Furthermore, the state agency physicians concurred with Dr. Paculdo's opinion. [AR 428-443].**

Plaintiff was also evaluated by Dr. Mendelson, who performed a psychiatric evaluation. [AR 641-42]. Dr. Mendelson concluded that plaintiff would have "very slight" to "slight" impairments in various work functions. [AR 641-42]. The ALJ concluded by stating, "Claimant has no severe mental impairments," and that his assessment was not inconsistent with Dr. Mendelson's permanent and stationary assessment. [AR 23]. Plaintiff contends that reversible error was made when the ALJ stated that Dr. Mendelson's opinion was not inconsistent with the opinions of other psychiatrists. Plaintiff also asserts that Dr. Mendelson's opinion clearly demonstrates the existence of severe mental impairments. However, neither of plaintiff's arguments are persuasive. Dr. Mendelson never opined that plaintiff has severe mental impairments, and plaintiff fails to cite otherwise. [AR 425-27]. The Court cannot assume that the diagnosis of "very slight" to "slight" impairments in various work functions should be considered "severe."

Furthermore, the ALJ's characterization of Dr. Mendelson's and other psychiatrists' opinions as "not inconsistent" is harmless error. There are inconsistencies between the opinions of the psychiatrists and the ALJ resolved this issue by giving greater weight to the consultative examiner and DDS consultants,

1 which is well within the ALJ's discretion. [AR 23].

### b. The ALJ properly considered the Workers' Compensation terms and physician opinions

Finally, plaintiff asserts that the ALJ failed to adopt the workers' compensation physicians' opinions that she was "temporarily totally disabled." Pursuant to Social Security Ruling 06-03p, the ALJ properly considered the opinion of a workers' compensation physician to not be binding on the Social Security Administration. [AR 20]. Plaintiff correctly states that the ALJ is not bound by these opinions, but that the ALJ must draw inferences logically flowing from the evidence. However, the medical assessments provided by the workers' compensation physicians were not substantiated by medical evidence relevant to making any logical inference. Unlike other treating physicians' opinions in the record, the workers' compensation physician lacked important information, such as plaintiff's exertional limitations, which should have been considered when determining plaintiff's disability status.

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with this Decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED:   March 13, 2007

/S/

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE